Court. In their briefs, the taxpayers in this case seek to inject complexity into these appeals by raising a large number of arguments and by stressing that TEFRA can be a complicated statute. But these appeals are themselves not complex. They're straightforward. TEFRA sets out a two-stage process in which partnership items must be litigated in an initial unified partnership-level proceeding. And this Court's opinion in Irvine makes clear that the question underlying both claims in these cases, which is to say the question whether the limitations period barred the assessment of the taxes at issue, is, under the circumstances here, one that had to be raised by the partners in the partnership-level proceeding and that jurisdictional bar. Is that your argument? Yes, Your Honor, that the jurisdictional bar, it's found in Section 7422H of the Internal Revenue Code, which says that the district courts lack jurisdiction over refund claims that are attributable to partnership items. And in Irvine, this Court held, both because the Court held in Weiner that Section 6229 is a partnership item and in Kurzbeck that the extensions of the limitations period provided by Section 6229 are just that, they're extensions of the 6501A limitations period and not a standalone limitations period. Thus, the Court held in Irvine that where a refund claim implicates both 6501A and 6229, the two sections are inextricably linked and the refund claim is attributable to Section 6229, which is a partnership item, and the claim is therefore barred. And that holding applies directly to bar the limitations issue in this case. In fact, this case is factually on all fours with Irvine. The taxpayers in this case were partners in the same set of partnerships, American Agricorp partnerships, as the plaintiffs in Irvine. The taxpayers in this case have raised the same claim, namely that the assessments were allegedly untimely under the three-year statute of limitations in 6501A. The government has responded by relying on the same extensions of the limitation period in 6229. And here, as in Irvine, the tax court's partnership level determination of the 6229 issue in the government's favor because they reached settlements with the IRS on partnership items before the tax court issued that opinion. And that's true, but it was also the case in Irvine. And this Court nevertheless held in Irvine that the refund claim under the statute of limitations is jurisdictionally barred by 7422H. For the same reason, taxpayers' argument, which is stressed in their reply brief, that they are entitled to prevail on their refund claim unless there was a binding determination of 6229 in the government's favor made during the partnership proceeding, is inconsistent with Irvine because Irvine expressly recognizes that there was no such binding determination made in that case. Now, Irvine and 7422H also bar the second and only other claim raised by the taxpayers in this case, which is the claim that a notice of deficiency was required before the IRS assessed the taxes at issue. And that is because the notice of deficiency claim simply puts a veneer, an outer layer of packaging on the limitations claim. Taxpayers' argument is that a notice of deficiency was required because the assessments at issue were allegedly untimely and they provide no other basis for the Court to believe that a notice of deficiency was required. Therefore, any Court reaching the merits of the notice of deficiency claim would inexorably have to rule on the 6229 issue, and that's a partnership item that cannot be raised in these refund suits. And even if 7422H and Irvine did not bar the notice of deficiency claim, for the reasons stated in our brief and in the District Court's opinion in the Bingham case, that claim would be barred by the very instruction because it was not presented by any of the the Court has any questions. All right. Thank you, Mr. Calderon. Thank you, Your Honor. Let's see. Is this Mr. Redding here? All right. Mr. Redding, you had saved five minutes for rebuttal. We'll be lenient and give you ten minutes to respond since you didn't, you weren't here to present your opening argument. You have ten minutes total. I injured a knee and came hobbling back as quickly as I could from the restroom. Your Honor, my first appearance on this Court was 28 years ago in Ruttenberry v. Commissioner. I just wanted to note this is probably my last appearance ever in this Court. I'm retiring, and once again, I'm here basically defending the taxpayer's right to have a hearing before the Court, which is what Ruttenberry was about. The most critical point I would like to make, is that I believe both the government and the Rogers Court clearly have misrepresented, misconstrued, I don't mean they intentionally misrepresented, but misconstrued our argument when they contend that we're arguing 6501 should be heard independent of 6229. We acknowledge they work in tandem. The question is how do they work in tandem? All affected items work in tandem, a partnership item and a non-partnership item. And by that interrelationship, they become, in fact, it becomes an affected item. And we believe the procedures relative to refund claims attributable to affected items should be what apply in these cases. So there's no jurisdictional bar? No, there is not, Your Honor. What there is, is a bar against the trial court making the partnership level determinations in the first instance or redetermining those that had been made. As in Duffy, the case goes forward by the taxpayer presenting their argument and in the limitations area, the burden then goes to the government to establish that there was an extension either at the partner or partnership level. If there was one at the partnership level, they must show that it was determined at the partnership level in a proceeding that is binding on that taxpayer. That is consistent with over 50 years of 6501 precedent in this court. It is also consistent with the references in both Pratty and Irvine to the need to have raised it at the partnership level because limitations is, in fact, an affirmative defense. It must be raised before the government has an obligation to— What do you do with Irvine? I think Irvine opens the door to that expanded interpretation because it refers to if the partnership level, if that is not sufficient to expand Irvine, then I think Irvine should be reviewed en banc. The interpretation given to Irvine that it is a complete blanket bar to refund litigation in 6501 cases leads to, well, in fact, as the court in— The 6229 assessment period is a partnership item that simply cannot be raised in a partnership level, and then when you file a refund suit, the court said ultimately that district courts granted motions to dismiss these cases. Essentially, I guess, for those reasons, you can't get the benefit. You really are talking about a partnership item. You're trying to draw upon the law affecting a partnership level for which the district courts have no jurisdiction. No more so than you are in the penalty interest cases where the court looked to see if a necessary partnership level determination had been made that would have supported penalty interest. All I'm saying is that the government can say there was a partnership level extension and it was established here, and if they can show that, they win. What we can't do is go in and argue it on its merits, and if that's not the rule, Your Honor, you get to something as ridiculous as— As the holding in Bingham, where the court says, rather, Irvine demonstrates that 7422H deprives the court of jurisdiction to consider a 6229 assertion, even if partners raise the statute of limitations issue in the partnership level proceedings prior to settlement. Under that interpretation of Irvine, even if the partnership level case had held that there was no extension and the government went ahead and assessed anyway, taxpayers only recourse is file a refund suit. What does he have to plead? Limitations ran. What is the government obligated to do? To show that it established that there was an extension at the partnership level. But if the court can't hear it, then the assessment against the taxpayer stands, even though the partnership level court had said there was no extension. That is insane. That cannot be an appropriate interpretation of 7422H, Your Honor. If it is, then the law has become totally oppressive in that respect. The—and Woods in the Supreme Court talked about the importance of refund litigation regarding affected items. The statute of limitations is a quintessential affected item. If the government can come in and show that there was a determination of an affected item extension at the partnership level, they prevail. They should prevail. What they can't do is come in and argue it de novo for the first time at the partner level and in limitations cases. And the tax court reaffirmed this within the last two years, even in partnership level cases. The burden of proof is on the government to establish the extension, not on the taxpayer to come in and show there was no possible extension. This court has held that as far back as Wood in 1957, I think it was. This has been the law in the Fifth Circuit for well over 50 years. The—and in this case, I don't believe the government can demonstrate that there was an established extension. The government tries to point to the outcome in Agricale, for example, the consolidated cases of—I think it was eight of the partnerships out of 40-something. In that case, the court looked extensively at the facts regarding each partnership that was involved. The stipulation they referred to by the tax matters partner was only that the cases would be resolved in the same manner as those in Agricale as to limitations. Not that Agricale would be binding. The manner they were resolved in was by looking at the detailed facts. You can't look to Agricale and see if Voyer was a partner in one of the partnerships that are involved here. Correction. Two of them you could, except the parties were not parties by that time. The finding shouldn't be binding on them anyway. There was no determination of an extension prior to the settlement. And the government refutes the merits or the value of the cross motions for summary judgment in 93, when the partners presumably, if we disregard 6226, if these people were parties to the proceedings prior to settlement. But in that 1993 set of cross motions for summary judgment, no, it did not establish that there was no extension. What it did do was establish the government hadn't satisfied its burden to establish an extension by dismissal of its motion for summary judgment. It did not introduce sufficient facts to establish that there was an extension at that time. And that is the point at which the cases were settled, was after that proceeding and long before anything took place on the consolidated eight cases. So I submit, Your Honor, that if Irvine is interpreted so broadly that the taxpayer can never bring a 6501 limitations refund case, asserting that the government violated limitations and that there had been no extension at the partnership level, then it needs to be reviewed en bloc. I don't think it has to be interpreted that way. I think the references in both Pratt v. Irvine to the requirement to have raised it in the prior proceeding show that partners in those cases did take the first step, which then invoked the government's obligation to establish an extension, which they failed to do. Similarly, if these partners, and the only one that could have ever had access through a CDP here to the tax court would have been Stein because those procedures weren't enacted until after the others had settled. But even if they had, even if they had been able to get to the tax court, what we see in tax court affected item deficiency cases is the tax court consistently being willing to do exactly what we are asking the refund court to do, which is to say, okay, we can't look at it as a de novo issue, but we do look to see what was determined at the partnership level, and then decide the statute of limitations, the 6501 defense. There's no reason that these partners shouldn't have the same opportunity to produce that defense as in Blonine. I submit it's just wrong, Your Honor, to come up with an interpretation of the law that completely bars a taxpayer from ever defending against an invalid assessment. And that's what this does. I have a red light. Thank you, Mr. Redding. Thank you, Your Honor. Mr. Calderon, when you made your presentation, you, of course, hadn't heard Mr. Redding. If there's anything that he said that surprises you, you could have one minute to respond to that. You don't have to do so. Thank you, Your Honor. Just very briefly, it's not the case that Irvine itself or the district court's application of Irvine in this case would prevent a taxpayer from ever raising 6501A in a partner-level refund proceeding. It only has that effect when determining the 6501A claim would require the court also to determine the merits of a 6229 issue. And that's the case here precisely because there's no binding determination of this issue at the partnership level. Had there been a binding determination of the 6229 issue in the taxpayer's favor, the district courts here might well be able to apply that as a given, but that's not what occurred. And it's not sufficient for taxpayers to rely on the absence of a binding determination on this issue because, as Mr. Redding conceded, the statute of limitations is an affirmative defense to assessment. And although there's a burden-shifting procedure that operates in the context of a limitations issue, this Court has held multiple times, including in the In re Martinez case cited in our briefs, that that burden-shifting framework operates within the broader rule that the burden does not shift from the taxpayer. Thank you very much. Thank you, Mr. Baldwin. Your case is under submission. The Court will take a brief recess before hearing the final two cases.